Antonio Chavez-Aguilar
Reg. No. 15005-198
Federal Correctional Complex (Low)
Post Office Box 9000
Forrest City, Arkansas 72336-9000,

in pro. per.



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, )
                          )     '08 CV 0720-BEN
        Plaintiff,        )
                          )
v.                        )     Case No. 88-0723-01-BEN
                          )
ANTONIO CHAVEZ-AGUILAR,   )
                          )
        Defendant.        )

### DEFENDANT' MOTION FOR A REDUCTION OF SENTENCE PURSUANT TO THE PROVISIONS OF 18 U..C. §3582(c)(2)

COMES NOW ANTONIO CHAVEZ-AGUILAR, in pro per, and moves the Court pursuant to the provisions of 18 U.S.C. §3582(c)(2) to reduce the sentence imposed in this cause pursuant to a conviction by a jury on May 3, 1990 following Defendant's arrest on September 1, 1988, The sentence of 324 months, 27 years, was imposed in the case. Defendant shows this Court as follows:

1. Defendant was 22 years of age at the time he was sentenced to a term of 324 months of imprisonment. Defendant had been convicted of Counts 2, 5, and Counts 9-15 of a 19 count indictment. Defendant was represented by Lynn H. Ball pursuant to an appointment under the Criminal Justice Act, as Defendant did not have the means to employ his own attorney.

2. Count 2 of the indictment charged a violation of 21 U.S.C. §846, conspiracy to possess heroin with intent to distribute it.

Counts Five and Counts 9 through 14 charged violations of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2, possession of heroin with intent to distribute and aiding and abetting. Count 15 charged possession of heroin with intent to distribute, but this Count charged a Class A felony, whereas the other counts charged a Class B felony.
The maximum penalty for couts 2 and 15 was 10 years to life, whereas the sentence on Counts 5, 9, 12 and 14 were offenses under 21 U.S.C. §841(b)(1)(B), that carried a 5 year minimum sentence and a 40-year maximum sentence. Counts 10 11, and 13 carried no mandatory minimum, and a maximum sentence of 20 years under 21 U.S.C. §841(b)(1)(C).

    **3.** Defendant's only other criminal history was at age 18, when he was convicted for possession of a switchblade knife, for which he received a fine of $400, and 3 years of unsupervised probation. He was assessed one point for the prior conviction, but at the time he was involved in the instant offense, he was on unsupervised probation, so an additional 2 points was added, giving him three criminal history points under the sentencing guidelines as those guidelines then existed.

    **4.** Although the Defendant was sentenced as a major drug offender, it must be noted that at the time of his arrest, his total assets were an item of jewely valued at $300.00 and a 1974 Chevrolet. a 14 year old vehicle, and as noted above, lacked the resources to obtain his own counsel.

    **5.** Since the date of the imposition of the sentence upon the Defendant, numerous changes have occurred in the Sentencing Guidelines, including a change in the manner in which the criminal history is calculated, a change in the guidelines regarding the maximum severity based upon drug quantity alone. Additionally, the Supreme Court has

made significant changes in the sentencing practices of the district courts following its decisions in <u>Blakely</u> v. <u>Wasgington</u>, 542 U.S. 296 (2004) and <u>United States</u> v. <u>Booker</u>, 543 U.S. 220 (2005). Recently, the Supreme Court decided both <u>Kimbrough</u> v. <u>United States</u>, 552 U.S. ___ (2007) and <u>Gall</u> v. <u>United States</u>, 552 U.S. ___ (2007). These cases have made it abundantly clear that the district court possesses the sentencing discretion to tailor an individualized sentence for a defendant, in accordance with the statutory requirements of 18 U.S.C. §3553(a).

6. At the time the Defendant was sentenced, the Court did not recognize it had the authority to make adjustments in the Guideline Sentence so as to individualize the sentence. Rather, at the time the Defendant was sentenced, the Guidelines were regarded as mandatory by virtue of the provisions of 18 U.S.C. §3553(b). Further, the Courts were permitted to make factual findings which served to increase the sentence to which the Defendant was exposed. Following the Supreme Court's decision in <u>Apprendi</u> v. <u>New Jersey</u>, 530 U.S. 466 (2000), and its progeny, <u>Blakely</u> v. <u>Washington</u>, 542 U.S. 296 (2004), and <u>United State</u>, 543 U.S. 220 (2005), district courts were given the freedom to individualize the sentence that was imposed, in keeping with the sentencing objectives articulated in 18 U.S.C. §3553(a). However, it took two more Supreme Court cases, <u>Kimbrough</u> and <u>Gall</u>, to truly convince the Courts of Appeal that the district court had the authority to individualize the sentencing process. However, as of this time, these cases have not been made retroactive to cases, such as this one.

7. Since the passage of the Sentencing Reform Act of 1984, a sentence, once imposed, could not be changed, unless an event occurred

as set forth in 18 U.S.C. §3582(c).  See §3582(b)(1).

8.  18 U.S.C. §3582(c)(1)(A) is also authority for the Court to amend the originally imposed sentence by reducing the original sentence. That section authorizes the  to modify a term of imprisonment previously imposed where the Bureau of Prisons makes the motion, without regard to any guideline changes.  While that provision has been a part of the Sentencing Reform Act, it was not implemented until November 1, 2006, when the United States Sentencing Commission first implemented the provision.

9.  This Court should consider reducing the sentence imposed upon the defendant almost two decades ago, at a time when the defendant was 20 years of age.  Prior to the defendant's involvement in this case, he had no involvement with drugs.  The Court may recall from a review of the files , that defendant's counsel had filed a motion seeking to dismiss the indictment due to outrageous government conduct.  That motion outlined a course of conduct by federal agents that had the effect of creating a conspiracy to import heroin where none had, in fact, existed before the agents' activity to create a conspiracy.  Movant, at the time, was a 20-year-old young man, who was working to support his wife and infant child by washing dishes.  He was steadily and gainfully employed and continued to be so employed despite activity by government agents to induce him to become involved in heroine.  Defendant did become involved in the activity which, ultimately, led to a 324-month sentence.

10.  In the nearly two decades of incarceration, defendant has complied an excellent record of achievements which imprisoned.  He has been an excellent worker who has been dependable, and has received high

- 4 -

marks for his industriousness and initiative.

11. The Ninth Circuit Court of Appeals, in affirming the defendant's conviction and sentence on December 12, 1991, noted the sentence imposed was "very harsh," even though it affirmed the conviction and sentence. Defendant, in spite of his youth at the time, was ascribed the role of "leader/organizer" for which he received an enhancement of 4 points, which together with a two-point enhancement for obstruction of justice, and the remainder from the quantity of drugs ascribed to him. Further, defendant did not receive an award for acceptance of responsibility, all of which resulted in an offense level sufficient to impose a 324 month sentence on a 20-year old defendant.

12. The sentence that was imposed was a sentence of 27 years, which must be served in its entirety, less 54 days of good time awarded for good conduct during the previous year. Defendant's crime was not a violent offense. Instead, it was commenced when defendant was 19 years old, at a time when he had no formal education, spoke very little English, yet was working as a dish washer to support himself, his common-law wife and their child.

13. much of the drug quantity attributed to the defendant was determined, not by a jury, but by judge-found facts. As a consequence, much of the driving force for the lengthy sentence in this case was based on judge-fond facts. At the time the defendant's sentence was affirmed by the Ninth Circuit Court of Appeals, the Supreme Court's holding in Apprendi v. New Jersey was about nine years in the future. The drug quantity and role in the offense both served to make for a very harsh sentence.

14. The harshness of the sentence is further amplified by the fact that the U.S. Probation Office had recommended a total offense level of 37, with a criminal history category of II, which would have provided a guideline range of from 235 to 293 months.  Joe Portillo, a Senior U.S. Probation Officer wrote, "Therefore, giving mind to the context of the offense, and the circumstances surrounding these events as well as the defendant's relative youth, a sentence as indicated above [235 months] seems appropriate under the guidelines."  The Court, though, imposed a sentence of 327 months.

15. The sentence that was imposed on defendant was, as noted above, based on judge-found facts which served to significantly increase the sentence from the 235-month recommendation to the sentence that was actually imposed, 327 months, or an upward departure of 102 months. Such an increase would not have passed constitutional muster after the Supreme Court's holding in <u>Blakely</u> v. <u>Washington</u>.  However, neither<u>Apprendi</u>, <u>Blakely</u>, nor <u>Booker</u> provide an independent basis for this Court to review the sentence at this stage.  But the recent promulgation by the United States Sentencing Commission which implemented the provisions of 18 U.S.C. §3582(c)(1) does provide this Court with an independent basis on which to review the defendant's sentence.

16. This Court should review the sentence in this case under its authority to review a sentence for extraordinary and compelling reasons, and consider reducing the sentence imposed in this case in view of the significant progress made by the Defendant in achieving rehabilitation. The reduction of the sentence would be appropriate, when considered in light of 18 U.S.C. §3553's admonition not to impose a sentence any longer than necessary to achieve that section's sentencing objectives.

17. 18 U.S.C. §3553 adminishes the court to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in §3553(a)(2). The Court, in imposing a sentence of 327 months, imposed a sentence longer than necessary to achieve the sentencing objectives of 18 U.S.C. §3553(a)(2). The length of time that the defendant has already served, meets the requirements of §3553(a)(2)(A), which requires the Court to imposed a sentence that adequately reflects the seriousness of the offense, to promote the respect for the law, and to provide just punishment for the offense. Likewise, the sentence must afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18. The defendant has already achieved all of the sentencing objectives specified by 18 U.S.C. §3553(c)(2). Consequently, this Court should enter its Order reducing the sentence to permit the defendant to be released from confinement at the earliest practicable moment.

**WHEREFORE**, for the foregoing reasons, defendant prays an order of this Court reducing the sentence in the captioned case from 327 months to 240 months, and ordering the defendant's immediate release from confinement.

Respectfully submitted,

*Chavez-A* (signature)

Antonio Chavez-Aguilar
Reg. No. 15005-198
Federal Correctional Complex (Low)
Post Office Box 9000
Forrest City, Arkansas 72336-9000,

Defendant, pro se

- 7 -

## CERTIFICATE OF SERVICE

This is to certify the undersigned did mail a full, true, and correct copy of the foregoing

   DEFENDANT'S MOTION FOR A REDUCTION OF SENTENCE
   PURSUANT TO THE PROVISIONS OF 18 U.S.C. §3582(c)(2)

to:

     United States Attorney
    Southern District of California
      880 Front Street
       Room 6293
   San Diego, California 92101-8900

by first-class mail, in a wrapper addressed as aforesaid, with sufficient first-class postage prepaid and affixed thereto, and by depositing the same in the mail receptacle provided for inmate use in mailing legal materials from the Federal Correctional Complex (Low) at Forrest City, Arkansas, on this 16th day of April, 2008.

        _Chávez A._
        Antonio Chávez-Aguilar

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**FILED**
APR 18 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Antonio Chavez-Aguilar | United States of America |

08 CV 0720 JLS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: St. Francis
(EXCEPT IN U.S. PLAINTIFF CASES)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Pro Se
Reg. No. 15005-198, Federal Correctional Complex (Low)
Post Office Box 9000
Forrest City, Arkansas 72336-9000

ATTORNEYS (IF KNOWN)
U.S. Attorney

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

**18 U.S.C. 3582**

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | LABOR | ☐ 862 Black Lung (923) | |
| ☐ Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☒ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectmant | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | | | | ☐ 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):
JUDGE Benitez    Docket Number 88cr723BEN

DATE 4/18/2008

SIGNATURE OF ATTORNEY OF RECORD